Sawyer *v.* McLouth.

[MONROE GENERAL TERM, June 4, 1866. *Welles, E. Darwin Smith* and *Johnson,* Justices.]

---

## SAWYER *vs.* McLOUTH and others, executors, &c.

There is a distinction between a valuable consideration, other than money, and a money consideration. While, in the former case, the slightest consideration will support a promise to pay the largest amount, to the full extent of the promise, in the latter, the consideration will support a promise only to the extent of the money forming the consideration.

The law leaves the measure of the value of a valuable consideration, other than money, for a promise to pay money, to the parties to the contract; but money, being the standard of value, is not subject to be changed by contract, and will support a promise to pay money, only to the amount of the consideration.

In an action upon a promissory note, it is not necessary for the plaintiff to prove any consideration for the note, as it imports a sufficient consideration; and if it is inadequate, or illegal, for any reason, or has failed in whole or in part, it is incumbent upon the defendant to prove it.

Where, in such an action, it was proved that when the note was executed and delivered, the payee handed the maker money—a roll of bills—the amount of which the witness did not know, but the maker, after having counted it, said it was all right; *Held* that the testimony did not tend to prove that the money paid was less than the amount of the note, but that, on the contrary, the legal presumption was that the money paid was equal to the amount secured by the note; and that until that presumption was rebutted, the jury would be bound so to find.

MOTION by the defendants for a new trial on exceptions, ordered at the circuit to be heard at the general term in the first instance.

*T. R. Strong*, for the defendants.

*J. P. Faurot*, for the plaintiff.

*By the Court*, WELLES, J. This action was brought to recover the amount of a note without date, but proved to have been given by Joseph Sawyer, the defendants' intestate, in June or July, 1861. The note was in the following words and figures: "For value received, I promise to pay I. M. Sawyer, if living, if not to his son Joseph Sawyer, fifteen hundred dollars, on the first of October, 1862.

JOSEPH SAWYER."

Upon the trial at the Ontario circuit, in May, 1865, the plaintiff gave evidence tending to show the execution of the note by the testator, by proving the signature to be genuine, and by the testimony of Edward S. Gray, who testified that he was present and saw the testator sign the note and deliver it to the plaintiff. The said Gray further testified that on the occasion of the execution of the note, the plaintiff handed the testator, his father, a roll of bills, who took it and looked it over and said it was all right, and then handed the plaintiff the note; that the witness did not count the roll of bills; that he saw the intestate count it; that there was nothing said as to the amount, and the witness had no knowledge as to the amount; that he did not see the denomination of any of the bills; that he saw the size of the roll; that it was rolled up; that he could not tell as to the amount; that the plaintiff handed it to the testator and asked him if it was all right, and he said he believed it was.

There was no evidence showing the amount of money paid or delivered by the plaintiff to the testator, on the occasion of giving the note, except what might be implied or inferred from the amount of the note and the fact that the giving the note and the payment of the money were concurrent acts, and one and the same transaction.

The theory of the defense was, first, that if there was any

Sawyer *v.* McLouth.

money handed to the testator by the plaintiff, as testified by the witness Gray, no part of it entered into or formed any part of the consideration of the note, but that the same was given without consideration and for the purpose of making the plaintiff equal to the other heirs of his father, (the testator,) who had made no provision for him in his will; second, that if the money so handed to the testator was the only valuable consideration, of the note and of less amount than the note, the plaintiff could recover nothing beyond the amount of such money consideration; and third, a counter-claim for several notes given by the plaintiff to the testator in his lifetime, amounting to between four and five hundred dollars.

The defendants gave evidence tending to sustain the first branch of this theory. It consisted of proof of declarations and admissions of the plaintiff, made on several occasions to several witnesses, and of acts and declarations of the testator in presence of and to the plaintiff, and also of surrounding and concurring circumstances.

The defendants also gave evidence sustaining the counter-claim. After the proofs were closed, the defendants' counsel requested the court to charge the jury that if there was a consideration for the note, by some money advanced by the plaintiff to the maker at the time the note was made, and that was the only consideration, the money formed a consideration only to the amount so advanced, with interest, and beyond that the note was without consideration and invalid. The court declined so to charge, to which the counsel for the defendants excepted. The court charged the jury that if any money was advanced by the plaintiff by way of consideration of the note, although a less amount than the note, it supported the note and made it valid, in respect to consideration, to the full amount of the note and interest; to which the counsel for the defendants excepted. The jury rendered a verdict in favor of the plaintiff for $1189.71.

I think the learned justice erred in declining to charge the

jury as requested by the plaintiff's counsel, and in charging them as above stated. It was contended on the argument, in behalf of the defendants, that there was a distinction between a valuable consideration, other than money, and a money consideration. That while in the former case the slightest consideration would support a promise to pay the largest amount, to the full extent of the promise, in the latter, the consideration will support a promise only to the extent of the money forming the consideration. That the law leaves the measure of the value of a valuable consideration, other than money, for a promise to pay money, to the parties to the contract; but money being the standard of value, is not subject to be changed by contract, and will support a promise to pay money, only to the amount of the consideration. It seems to me this is a correct statement of the law on the subject.

Judge Story, in his treatise on promissory notes, states the law as follows : "The objection to a note may be, that there is a total want of consideration to support it; or that there is only a partial want of consideration. In the first case it goes to the entire validity of the note, and avoids it. In the latter case it affects the note with nullity, only *pro tanto.* The same rule applies to cases where there was originally no want of consideration, but there has been a subsequent failure thereof, either in whole or in part. For a subsequent failure of the consideration is equally fatal with an original want of consideration, not indeed in all cases, but in many cases ; at least where it is a matter capable of definite computation and not mere unliquidated damages." (*Story on Prom. Notes,* § 187.)

But the difficulty in the defendants' case, after all, is, that as the evidence stood, he was not in a situation to call on the court to charge as requested, and the charge, as given, was a mere abstraction, unwarranted by the evidence.

There was undoubtedly evidence given on the part of the plaintiff sufficient to justify the jury in finding that the note

was executed by the testator and delivered by him to the plaintiff. It was not necessary for the plaintiff to prove any consideration for the note, as it imported a sufficient consideration, and if it was inadequate or illegal for any reason, or had failed in whole or in part, it was incumbent upon the defendants to prove it. The testimony of the witness Gray did not tend to prove inadequacy of consideration, and there was no other evidence in the case which would authorize the jury in finding an inadequate consideration. Gray's testimony on that subject was given on cross-examination, and was an attempt on the part of the defendants to prove such inadequacy, but which attempt was an entire failure. It proved that when the note was made and delivered by the intestate to the plaintiff, the latter handed the former money, the amount of which the witness did not know, but after the testator had counted it, he said it was all right. That the testator executed and delivered the note to the plaintiff was put beyond a doubt, and the testimony of Gray, as before stated, did not tend to prove that the money paid was less than the amount of the note. There was no evidence to contradict the testimony of Gray, and upon that, if believed, the legal presumption was that the money advanced by the plaintiff was equal to the amount secured by the note ; and until that presumption was rebutted, the jury would be bound so to find. If they did not believe him, the case on this point would rest upon the other presumption, that the consideration was adequate and sufficient. The evidence was strong to sustain the first theory of the defense, but that was a question for the jury to decide, and which they have found against the defendants. The charge on that subject is not given, in the case, and as it does not appear that there was any exception to it in that respect, we are bound to intend it was unexceptionable. We can only look at the evidence for the purpose of deciding whether the exceptions were well taken. We have no right to review it for the purpose of deciding whether it justified the verdict. That

question can only be brought before the general term on appeal from an order of the special term, denying a new trial. (*Code*, § 265.)

I have considered the exceptions taken at the trial to evidence offered by the defendants, and do not discover any error in the rulings, in that regard.

The motion for a new trial should be denied, and the plaintiff should have judgment upon the verdict.

Ordered accordingly.

[MONROE GENERAL TERM, September 3, 1866.   *Welles, E. Darwin Smith* and *Johnson*, Justices.]